# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MOHAMMAD SOHAIL SALEEM, | Civil No. 3:17-cv-1043 |
| Petitioner | (Judge Mariani) |
| v. | |
| MARK GARMAN, SUPERINTENDENT STATE CORRECTIONAL INSTITUTION AT ROCKVIEW, | |
| Respondent | |

## MEMORANDUM

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Mohammad Sohail Saleem ("Saleem"), an inmate confined at the State Correctional Institution, Rockview, in Bellefonte, Pennsylvania. (Doc. 1). Saleem challenges his guily plea and sentence imposed by the Court of Common Pleas of Lebanon County. (*Id.*). Preliminary review of the petition has been undertaken, *see* R. GOVERNING § 2254 CASES R.4,[1] and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

## I. Background

In 2014, Saleem was charged with various sexually-related offenses in the Court of

---

[1] Rule 4 provides, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* R. GOVERNING § 2254 CASES R.4. These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. *Id.* at R.1(b).

Common Pleas of Lebanon County. See *Commonwealth v. Saleem*, CP-38-CR-0001112-2014, CP-38-CR-0000565-2014 (Lebanon County Ct. Com. Pl.). On April 21, 2015, Saleem pled guilty to indecent assault and harassment involving two victims who were employees of a small business owned by Saleem. *Commonwealth v. Saleem*, 2017 WL 1223851, *1 (Pa. Super.). The trial court ordered an assessment to determine whether Saleem was a sexually violent predator pursuant to 42 PA.C.S.A. § 9792. *Id.* Saleem was subsequently found to be a sexually violent predator. *Id.* On June 3, 2015, a sentencing hearing was held. *Id.* At sentencing, following a discussion regarding possible deportation proceedings, the trial court sentenced Saleem to an aggregate prison term of 21 months to 10 years. *Id.* Saleem thereafter filed two post-sentence motions claiming ineffective assistance of counsel, which the trial court denied without prejudice to Saleem seeking relief under the PCRA[2]. *Id.*

On September 1, 2015, Saleem filed a counseled PCRA petition regarding the voluntariness of his plea. *Commonwealth v. Saleem*, 2017 WL 1223851, *7 (Pa. Super.). Saleem argued that his plea was predicated upon a promise that he would be deported to Pakistan. *Id.* When Saleem was not deported, he argued that he was deprived of the benefit of his plea bargain. *Id.* Saleem further argued that his guilty plea counsel was ineffective for leading him to believe that deportation would occur. *Id.* The PCRA court held

---

[2] Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46.

2

a hearing and ultimately denied the PCRA petition, finding that immediate deportation was not a part of the plea agreement. *Id.* at *7-8. Rather, as part of the plea agreement, the District Attorney's office agreed that it would have no objection to deportation and would not take any action to prevent deportation. *Id.* at *8. The PCRA court further noted that Saleem's attorney communicated to him that there was no guarantee that he would be deported. *Id.* Specifically, Saleem's attorney wrote a letter to him explaining that, "There is no way to determine how much of your sentence you will have to serve before you are deported. It is possible that you would have to serve your entire sentence, possibly 50 years or more, before, you are deported." *Id.*

Saleem filed an appeal to the Pennsylvania Superior Court. *Commonwealth v. Saleem*, 2017 WL 1223851 (Pa. Super.). On March 28, 2017, the Pennsylvania Superior Court affirmed the dismissal of the PCRA petition. *Id.* Saleem did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On June 14, 2017, Saleem filed the instant federal petition attacking the his state court guilty plea and sentence. (Doc. 1). He argues that the terms of his plea agreement were breached because he was not immediately deported, and he sets forth claims of ineffective assistance of counsel and a *Brady*[3] claim. (*Id.* at pp. 6-8). For relief, Saleem

---

[3] *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L.Ed.2d 215 (1963) (holding that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment").

3

requests that the Court vacate his sentence and order his immediate release from confinement. (*Id.* at p. 8).

## II. Discussion

Section 2241 authorizes district courts to issue a writ of habeas corpus to a state or federal prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2254 is more specific and confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[A] state prisoner challenging the validity or execution of his state court sentence must rely on the more specific provisions of § 2254 rather than § 2241." *Washington v. Sobina*, 509 F.3d 613, 619 n.5 (3d Cir. 3007) (citing *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001)).

In the instant petition, Saleem seeks relief *via* section 2241. Saleem challenges his guilty plea and sentence, and sets forth claims of ineffective assistance of counsel and trial court errors. Saleem's reliance on section 2241 is misplaced and he must proceed under section 2254 because he is challenging his state sentence. *See Felker v. Turpin*, 518 U.S. 651, 662, 116 S.Ct. 2333, 135 L.Ed.2d 827 ("authority to grant habeas corpus relief to state prisoners is limited by 28 U.S.C. § 2254, which specifies the conditions under which such

4

relief may be granted to a person in custody pursuant to the judgment of a state court");

*DeVaughn v. Dodrill*, 145 F. App'x 392, 394 (3d Cir. 2005) (per curiam) ("A prisoner challenging either the validity or execution of his state court sentence must rely on the more specific provisions of § 2254 and may not proceed under § 2241."); *Coady*, 251 F.3d at 485 ("[W]e hold that Coady must rely on Section 2254 in challenging the execution of his sentence."). Additionally, section 2241 is not an alternative to section 2254. Section 2254 contains a one-year statute of limitation regarding the timely filing of a petition, and "Congress has restricted the availability of second and successive petitions through Section 2244(b)." *Coady*, 251 F.3d at 484. Allowing a petitioner to proceed under section 2241 would circumvent these restrictions and thwart Congressional intent. *Id.* at 484-85. Accordingly, this Court lacks jurisdiction to consider the petition pursuant to section 2241.

### III. Conclusion

Based on the foregoing, the Court lacks jurisdiction to consider Saleem's petition. Therefore, the petition will be dismissed. Notably, dismissal will be without prejudice to Saleem's ability to take any action he deems appropriate under 28 U.S.C. § 2254.

A separate order shall issue.

Date: June __, 2017

Robert D. Mariani
United States District Judge

5